IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER: 13 |
| JEFFERY REYNOLDS ) | CASE NO.: 314-09290 |
| LORI REYNOLDS ) | JUDGE: LUNDIN |
| 2431 MISSION RIDGE DRIVE ) | |
| MURFREESBORO, TN 37130 ) | |
| SSN: XXX-XX-1152  SSN: XX-XXX-9227 ) | |
| Debtors. ) | |

## AGREED ORDER TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK FUNDING AS A LONG TERM CLAIM PER § 1322(b)(5)

BY AGREEMENT OF THE DEBTORS AND CHAPTER 13 TRUSTEE, evidenced by signatures entered below respectively, it is hereby agreed that:

1. The Debtors are authorized to finance through Inland Bank a 2014 Nissan Sentra Sedan, VIN# 3N1AB7AP7EY226085 ("motor vehicle"). The amount to be financed is $13,112.53 at an interest rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $362.40, effective 4/25/16, upon the filing of an allowed Proof of Claim.

2. The payroll deduction order shall be modified to increase the Debtors' payments to the Trustee from $985.00.00 bi-weekly to $1,026.50 bi-weekly. This remains a 100% plan so there is no base and the plan term shall remain 60 months. Except as set forth herein, all other plan provisions of the Order confirming the Debtors' Chapter 13 plan remain unaffected by this Agreed Order.

3. The Debtors shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee

4. The Debtors waive discharge of this post-petition debt to Inland Bank. The monthly payments to Inland Bank shall be disbursed with all other secured claims. Inland Bank's claim for post-petition financing is a continuing debt under 11 U.S.C. §1328(a)1), and is not subject to discharge thereunder.

5. This claim shall be treated by the Trustee as a long term obligation pursuant to 11 U.S.C. §1322(b)(5), and the Trustee need not allocate interest and principal

in the disbursements to Inland Bank.

6. Accordingly, the Order Confirming Chapter 13 Plan of 1/14/2015 shall be modified to provide that the Debtors' obligation to Inland Bank is a secured obligation and shall be paid directly by the debtors after completion of the Chapter 13 plan.

7. The parties further agree that should the Debtors default on the Plan payments or insurance, Inland Bank shall notify Debtors and Debtors' counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "'Notice of Default Constituting Order of Relief from Stay" without the necessity of the filing of a motion for a hearing in this Court.

8. No other creditors will be affected.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.*

APPROVED FOR ENTRY:

/s/     James A. Flexer
James A. Flexer
Law Offices of James A. Flexer
Debtors' Attorney
1900 Church Street Suite 400
Nashville TN  37203
(615) 255-2893
(615) 24-8849 Fax
cm-ecf@jamesflexerconsumerlaw.com

/s/ Henry E. Hildebrand, III

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, c=US, o=chapter 13 trustee, ou=finance(51), email=pleadings@ch13nsh.com
Date: 2016.04.30 10:12:01 -05'00'

/s/
HENRY E. HILDEBRAND. III
CHAPTER 13 TRUSTEE
PO Box 340019
 Nashville, TN 37203-0019
(615)244-1101 (telephone)
(615)242-3241 (facsimile)
pleadings@ch13nsh.com